UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

JOSE LUIS HERNANDEZ-BELLO,   ) No. 5:26-cv-04180-JDE
                             )
              Petitioner,    )
                             ) ORDER REGARDING PETITION
        v.                   )
                             )
TODD BLANCHE, et al.,        )
                             )
              Respondents.   )
                             )
                             )

**I.**

**INTRODUCTION**

On July 26, 2026, Jose Luis Hernandez-Bello ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus, challenging his detention by immigration authorities. Dkt. 1 ("Petition" or "Pet."). Petitioner, who is a citizen and national of Mexico, entered the United States without inspection around 1999 and was detained by Immigration and Customs Enforcement ("ICE") for the first time on June 9, 2026 as he was leaving his home. Id. ¶¶ 1, 3, 9, 19; Dkt. 8-1. He suffers from a seizure disorder and was hospitalized while in ICE custody due to breakthrough seizures. Pet. ¶ 2-3. He is detained at the Adelanto ICE Processing Center ("Adelanto"). Id. ¶ 3. Petitioner maintains he is a member of the Bond Eligible Class certified in Bautista v. Santacruz, Case

No. 5:25-cv-01873-SSS-BFM (C.D. Cal.) ("Bautista") and has been deprived of a bond redetermination hearing to which he is statutorily eligible in violation of the Immigration and Nationality Act and his due process rights. Id. ¶¶ 5, 12, 53, 59, 63. He indicates a bond hearing was scheduled for July 30, 2026, but anticipated it would be denied. Id. ¶ 6. Petitioner seeks his immediate release, or alternatively, a constitutionally adequate bond hearing pursuant to 8 U.S.C. § 1226(a); an order enjoining Respondents from placing additional conditions of release of supervision on him after release; an order enjoining Respondents from re-detaining him unless they demonstrate by clear and convincing evidence at a pre-deprivation bond hearing that he is a flight risk or danger to the community; and an award of attorney's fees and costs. Id. at 21-22.

Respondents filed an Answer on August 3, 2026, notifying the Court that Petitioner was provided a bond hearing on July 30, 2026 and the Immigration Judge ("IJ") ordered Petitioner released on bond, which Petitioner has not posted. Dkt. 8 ("Ans."). Respondents argue that the Petition is now moot because Petitioner has been granted release from custody on bond and oppose release via the Petition. Petitioner filed a Reply on August 5, 2026, claiming a live controversy exists because he remains in custody as his family cannot afford to pay the $12,000 bond set by the IJ. Dkt. 9 ("Reply").

For the reasons set forth below, the Petition is denied without prejudice.

## II.

## DISCUSSION

"Article III of the Constitution limits the jurisdiction of federal courts to 'actual, ongoing cases or controversies.'" United States v. Yepez, 108 F.4th 1093, 1099 (9th Cir.) (citation omitted). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" Rosebrock v. Mathis, 745 F.3d 963, 971 (9th Cir.

2014) (citation omitted). This may occur when interim relief deprives the Court of the ability to redress the party's injuries. See United States v. Alder Creek Water Co., 823 F.2d 343, 345 (9th Cir. 1987).

The crux of the Petition was that Petitioner was unlawfully detained without a bond redetermination hearing. He sought immediate release or an individualized bond hearing. He has not received the alternative relief sought. Despite claiming he was subject to mandatory detention, he acknowledged in the Petition he was scheduled for a bond hearing on July 30, 2026. Rather than waiting for the hearing, Petitioner filed the instant Petition, speculating that bond would be denied. Pet. ¶ 6. Contrary to his prediction, he was granted release on bond; thus, he is not subject to mandatory detention as alleged in the Petition. As Petitioner received one of the two primary alternative forms of relief sought in the Petition, which is the same relief typically provided to other Bautista class members, the Court finds the Petition is moot.

To the extent Petitioner now claims on Reply that the bond hearing was "constitutionally defective because it accounted for neither his financial circumstances nor alternative conditions of release" and that immediate release on nonmonetary supervision is warranted because he cannot afford the $12,000 bond (Reply at 5-6, 9-10), such claims were not raised in the Petition and Petitioner has not properly sought leave to amend in compliance with the Federal Rules of Civil Procedure and this Court's Local Civil Rules. As such claims are outside the four corners of the Petition, they are not properly before the Court. The Court expresses no opinion at this time whether such claims would be cognizable in the future, but notes that Petitioner did not reserve appeal on the bond decision (see Ans., Exh. 3), potentially raising exhaustion issues to any future challenge.

Finally, while the Court is sympathetic to Petitioner's ongoing medical issues, Petitioner has not shown release on this basis may be properly pursued

by means of a petition for writ of habeas corpus on these facts. The Court notes that a class action is currently pending regarding the conditions of confinement at Adelanto. A preliminary injunction was recently granted, ordering, among other things, the government to develop a remedial plan to implement comprehensive systems for medical care and disability accommodations. See L.T., et al. v. U.S. Immigr. & Customs Enf't, Case No. 5:26-cv-00322-SSS-SP (C.D. Cal.), Dkt. 104.

Accordingly, the Petition is denied without prejudice.

## III.

## ORDER

IT IS THEREFORE ORDERED that Judgment be entered denying the Petition without prejudice.

Dated: AUGUST 7, 2026

_____
JOHN D. EARLY
United States Magistrate Judge

4